## MEYERSON v. LEVY et al.

(Supreme Court, Appellate Term.    December 7, 1904.)

1. APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

Where the testimony of plaintiff, corroborated in some details by his wife, was not contrary to the probabilities, the verdict in his favor will not be set aside, as against the weight of the evidence, because the two defendants contradicted plaintiff's evidence.

Appeal from City Court of New York, Special Term.

Action by Charles S. Meyerson against Joseph Levy and another. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Moses Feltenstein, for appellants.
Jacob Manheim, for respondent.

BISCHOFF, J. The plaintiff, corroborated in some details by his wife, testified to a direct representation by the defendant Cohen that the rents of the property, the subject of the negotiations for a

sale, were $3,400 a year, and the issue was presented upon testimony for the defendants that the representation was not made. We are asked to reverse the judgment upon the ground that the weight of the evidence favored the defendants upon this issue, but we fail to find the slightest reason for disturbing the jury's conclusion upon this simple question of credibility. The plaintiff's testimony is in no way infirmed by the probabilities, and the authorities cited by the appellants in favor of the exercise of the court's power to reverse upon the facts cannot alter the situation, which depends upon the state of the record before us. The criticism that the intermediate courts of review do not always reverse upon the facts when they might has sometimes been voiced by the Court of Appeals when called upon to affirm a judgment, which, but for the restricted degree of the court's review, they would have reversed. To apply that sentiment here would involve the exercise of the discretionary power to order a new trial upon the facts not in a case where the power might be exercised, but where it should not.

The single ruling on evidence to which our attention is called does not suggest prejudice, and, in view of the form of the objection, no error was committed.

Judgment and order affirmed, with costs. All concur.